Barnard, P. J.
Upon the undisputed facts the plaintiff never acquired a title to the goods which are the subject of this action. They originally belonged to the defendant. One, John Faye, had been in the habit of obtaining orders for goods, and the defendant had been in the habit of delivering the goods to Faye to be delivered under these orders. The orders were for Hirsch, and the contract was solely with Hirsch. Faye had never been empowered to sell the goods received from Hirsch, but only to deliver them according to the direction of Hirsch, and in such cases only when the defendant had ratified the credit of the purchasers and had accepted the order. Before Hirsch could be deprived of his goods he must have been bound in some way by Faye’s acts in selling the goods delivered to him for a specific purpose. Faye had no direct authority, and none can be inferred from the mere possession of the goods. The purchaser must take the risk of a purchaser from an unauthorized person. The goods were not delivered to Faye with an intent to transfer a title which has been obtained by fraud. In such cases the bona fide purchaser from a fraudulent vendor will get a good title. Faye had no title, and was to have none. He did, by false representation, obtain possession of the goods, but only rs goods of defendant, and the title could not be divested until the delivery was made to the person who ostensibly bought them.
The decision at the circuit was, therefore, proper, and the judgment should be affirmed, with costs,
Dykman, J., concurs; Pratt, J., not sitting.